FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 13, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SHARI R., <br><br>  Plaintiff, <br><br> v. <br><br> ANDREW SAUL, Commissioner of Social Security, <br><br>  Defendant. | No.  2:20-cv-00176-SMJ <br><br> **ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

Plaintiff Shari R. appeals the Administrative Law Judge's (ALJ) denial of her application of disability benefits. She alleges that the ALJ erred by (1) failing to properly assess her severe, medically-determinable impairments; (2) failing to properly assess her testimony; (3) failing to properly assess the medical opinions; and (4) utilizing "unsustainable" step-5 analysis due to job number methodology.[1] ECF No. 17 at 2. The Commissioner of Social Security ("Commissioner") disputes these contentions and asks the Court to affirm the ALJ's determination. ECF No.

---

[1] While Plaintiff lists improper job number methodology as an error by the ALJ in its summary, it does not support this contention with any analysis. *See generally* ECF Nos. 17, 20. The Court therefore declines to review this issue.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT – 1

19.

Before the Court, without oral argument, are the parties' cross-motions for summary judgment. ECF Nos. 17, 19. After reviewing the administrative record, the parties' briefs, and the relevant legal authority, the Court is fully informed. For the reasons discussed below, the Court agrees with the Commissioner and affirms.

**PROCEDURAL HISTORY[2]**

Plaintiff seeks Supplemental Security Income (SSI), alleging an amended onset date of August 26, 2011. AR 2001. She has had four hearings, each resulting in a denial of benefits. AR 2000–01. This Court has twice remanded this matter to the ALJ. *Id.* Most recently, the Court directed the ALJ to properly consider whether jobs exist in substantial numbers in the national economy that Plaintiff could perform with her residual functional capacity. AR 2001. The ALJ once again denied her claim, and Plaintiff appealed. AR 1997; ECF No. 1.

**DISABILITY DETERMINATION**

A "disability" is defined, for the purposes of receiving DBI benefits, as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in

---

[2] The facts of the case are set forth in the administrative record and the parties briefs. *See, e.g.*, ECF No. 17 at 2–4. The parties have discussed any additional relevant facts in their briefing on those motions. *See generally* ECF Nos. 17, 19 & 20. The Court thus provides only a short procedural summary here.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT – 2

death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The ALJ uses a five-step sequential evaluation process to determine whether a claimant qualifies for disability benefits. 20 C.F.R. §§ 404.1520, 416.920.

At step one, the ALJ considers the claimant's work activity, if any. 20 C.F.R. §§ 404.1520(a)(4)(i), (b), 416.920(a)(4)(i), (b). If the claimant is doing any substantial gainful activity, the ALJ will find the claimant not disabled and deny their claim. *Id*. If the claimant is not doing any substantial gainful activity, the evaluation proceeds to step two.

At step two, the ALJ considers the medical severity of the claimant's impairment(s). 20 C.F.R. §§ 404.1520(a)(4)(ii), (c), 416.920(a)(4)(ii), (c). If they do not have a severe medically determinable physical or mental impairment that meets the twelve-month duration requirement in Section 404.1509, or a combination of impairments that is severe and meets the duration requirement, the ALJ will find the claimant not disabled and deny their claim. *Id*. If the claimant does have a severe physical or mental impairment, the evaluation proceeds to step three.

At step three, the ALJ also considers the medical severity of the claimant's impairment(s). 20 C.F.R. §§ 404.1520(a)(4)(iii), (d), 416.920(a)(4)(iii), (d). If they have an impairment(s) that meets or equals one of the Social Security

Administration's listings in appendix 1 of this subpart and meets the duration requirement, the ALJ will find the claimant disabled. *Id.*; 404 Subpt. P App. 1. If their impairment(s) does not meet or equal a listed impairment, the evaluation proceeds to step four.

At step four, the ALJ considers the claimant's residual functional capacity and their past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), (e), 416.920(a)(4)(iv), (e). If they can still do their past relevant work, the ALJ will find the claimant not disabled and deny their claim. *Id.*; *see also* §§ 416.920(f), (h), 416.960(b). If they cannot, the evaluation proceeds to step five.

At the fifth and final step, the ALJ considers the claimant's residual functional capacity and their age, education, and work experience to see if they can adjust to other work. 20 C.F.R. §§ 404.1520(a)(4)(v), (f), 416.920(a)(4)(v), (f). If they can adjust to other work, the ALJ will find the claimant not disabled and deny their claim. *Id.* If they cannot, the ALJ will find the claimant disabled and grant their claim. *Id.*; *see also* §§ 404.1520(g), (h), 404.1560(c).

The burden shifts during this sequential disability analysis. The claimant has the initial burden of establishing a prima facie case of entitlement to benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971). If the claimant makes such a showing, the burden then shifts to the Commissioner to show work within the claimant's capabilities. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984); *see*

*also* SSR 13-2P, 2013 WL 621536, at *4 ("The claimant has the burden of proving disability throughout the sequential evaluation process. Our only burden is limited to producing evidence that work the claimant can do exists in the national economy at step 5 of the sequential evaluation process."). To find a claimant disabled, their impairments must not only prevent them from doing their previous work, but also (considering their age, education, and work experience) prevent them from doing any other substantial gainful work that exists in the national economy. *Id*.; 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

**ALJ FINDINGS**

At step one, the ALJ found that Plaintiff had "not engaged in substantial gainful activity since August 26, 2011, the application date." AR 2003.

At step two, the ALJ found that Plaintiff suffered from fibromyalgia; disorders of muscle, ligament, and fascia; depressive, bipolar, and related disorders; anxiety and obsessive-compulsive disorders; attention deficit/hyperactivity disorder; neurocognitive disorders; personality and impulse-control disorders; and substance addiction disorder, which could all be classified as severe. AR 2003–04.

At step three, the ALJ found that Plaintiff did "not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impartments." AR 2004.

At step four, the ALJ found that Plaintiff has no past relevant work. AR 2016.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT – 5

At step five, the ALJ found that Plaintiff could perform other work existing in the national economy and thus was not disabled. AR 2016. Based on her determination that Plaintiff has the residual functional capacity to perform light work subject to certain limitations, the ALJ determined that Plaintiff could perform the requirements of occupations such as "Cleaner, Housekeeping," mailroom clerk, or marking clerk, all of which are light, unskilled work with hundreds of thousands of jobs available in the national economy. AR 2007–17.

## STANDARD OF REVIEW

Reviewing courts must uphold an ALJ's disability determination if it applied the proper legal standards and supported its decision with substantial evidence in the record. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012), *superseded by regulation on other grounds*. "Substantial evidence 'means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)). "[W]hatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153 (2019). The ALJ must base its determination on "more than a mere scintilla" of evidence, *id.* at 1154, but need not support its decision by a preponderance of the evidence. *Molina*, 674 F.3d at 1111. If the evidence supports more than one rational interpretation, and the ALJ has supported its decision with inferences drawn

reasonably from the record, the Court must uphold its decision. *Id.*; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984).

Moreover, the Court will not reverse an ALJ's decision if it committed harmless error. *Molina*, 674 F.3d at 1111. The burden to show harmful error lies with the party challenging the ALJ's determination. *See Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

## DISCUSSION

**A.    Plaintiff's Testimony and Opinions of Dr. Simon and Dr. Packer**

Plaintiff argues that the ALJ improperly discounted Plaintiff's testimony and the opinions of Dr. Simon and Dr. Packer. ECF No. 17 at 6, 17 & 20. But the Court declines to review the ALJ's determination under the doctrine of the law of the case. *See Hall v. City of L.A.*, 697 F.3d 1059, 1067 (9th Cir. 2012).

In its previous ruling, this Court determined that the Court properly discounted Plaintiff's symptom testimony and the opinions of Dr. Simon and Dr. Packer. AR 2110–13. The doctrine of the law of the case "generally prohibits a court from considering an issue that has already been decided by that same court or a higher court in the same case." *Stacy v. Colvin*, 825 F.3d 563, 567 (9th Cir. 2016). "The doctrine is concerned primarily with efficiency, and should not be applied when the evidence on remand is substantially different, when the controlling law has changed, or when apply the doctrine would be unjust." *Id.* When a subsequent

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT – 7

claim for benefits is consolidated with prior claims, as here, the doctrine of the law of the case does not apply to the ALJ's consideration of *new* evidence. *See Camarena v. Saul*, No. CV 19-94-BLG-TJC, 2020 U.S. Dist. LEXIS 203165, at *10 (D. Mont. Oct. 30, 2020).

None of the exceptions apply here. Plaintiff has not provided substantially different evidence,[3] nor adequately explained how justice requires revisiting the Court's analysis of the testimony. Although the most recent ALJ may have articulated its reasoning for discounting the testimony in a slightly different way and with a record supplemented with recent assessments, its reasoning remains consistent with this Court's previous directive. The law of the case doctrine bound the ALJ, absent any of the exceptions described above. In the interests of efficiency and judicial economy, the Court will not rehash the analysis in this Order.

**B.    Severe Impairments**

As described above, the ALJ assessed that Plaintiff suffers from several severe, medically determinable impairments, including fibromyalgia; disorders of muscle, ligament, and fascia; depressive, bipolar, and related disorders; anxiety and obsessive-compulsive disorders; attention deficit/hyperactivity disorder;

---

[3] While Plaintiff has provided new testimony, she has not set forth any reasons that the ALJ should have given it more weight than her prior testimony. The ALJ supported its decision to discount Plaintiffs' testimony with substantial evidence. Any error was harmless.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT – 8

neurocognitive disorders; personality and impulse-control disorders; and substance addiction disorder. AR 2003–04. But Plaintiff argues that the ALJ erred by not assessing her right hip and cervical spine. ECF No. 17 at 4–6. Defendant responds that her right hip and cervical spine do not present severe impairments, and even if they did, the ALJ's error was harmless. ECF No. 19 at 4. No previous ALJ had found that Plaintiff had a severe impairment of her spine, so the Court will not disturb this ALJ's determination. AR 22, 561.

But the previous ALJs concluded Plaintiff had a severe hip impairment. In 2017, the ALJ found she was reduced to a range of sedentary work. AR 566–67. Plaintiff argues that "[b]y failing to consider [her] hip a severe MDI, the ALJ calculated an unsustainable RFC for light work (which requires one to be on one's feet about 6 hours per day, SSR 83-10) that does not fully reflect limitations and requires remand." ECF No. 17 at 6 (citing *Ghanim v. Colvin*, 763 F.3d 1154, 1166 (9th Cir. 2014)).

Defendant cites some new evidence to support its contention that Plaintiff's hip ailments are not "severe." ECF No. 19 at 3–4. Yet the ALJ failed to analyze this evidence, or any evidence, to support its decision, *sub silentio*, to change course from previous decisions. See *Stacy*, 825 F.3d at 567. The ALJ thus failed to support its determination at Step Two with substantial evidence. See *Molina*, 674 F.3d at 1110.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT – 9

But this error was harmless. At Step Four, the ALJ considered Plaintiff's "allegations of extremely limiting physical conditions," such as her hip. AR 2009. The ALJ noted that in May 2017, Plaintiff "presented with minimally restricted range of motion of right hip." *Id.* In 2018, she presented with "restricted hip range of motion," but the ALJ also noted that the examining physician, Dr. Orton, described that the "hip arthroscopy showed no significant cartilaginous injury, and that no further surgery warranted." *Id.* Dr. Orton also added that there were "no significant objective findings on an MRI of the hip, even noting that Plaintiff "had 'a very functional and working hip." *Id.* The ALJ properly relied on new evidence in her determination that Plaintiff's hip, as well as her other impairments, do not restrict her to sedentary work. AR 2007. Instead, the ALJ determined that Plaintiff "has the residual functional capacity to perform light work," with some exceptions. *Id.*

C.   **Other Treating Providers' Opinions**

The Ninth Circuit recognized a hierarchy among the sources of medical opinions, known as the treating physician rule or the treating source rule, for claims filed before March 27, 2017.[4] *Murray v. Heckler*, 722 F.2d 499 (9th Cir. 1983); *see also* 82 Fed. Reg. 5844, 5853 (Jan. 18, 2017); *Black & Decker Disability Plan v.*

---

[4] The regulations were updated in 2017 to eliminate this hierarchy for new claims. *See* 20 C.F.R. § 404.1520c.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT – 10

*Nord*, 538 U.S. 822, 829 (2003). Specifically, the ALJ must articulate "clear and convincing reasons" in order to "reject the treating doctor's ultimate conclusions" when the treating doctor's opinion was contradicted by another doctor, or "specific and legitimate reasons supported by substantial evidence in the record" if it was not. *Lester v. Chater*, 81 F.3d 821, 830–31 (9th Cir. 1995).

### 1. Dr. Genthe

Plaintiff challenges the ALJ's assessment of two evaluations by Dr. Genthe, an examining psychologist. ECF No. 17 at 14.

#### a. 2016 Evaluation

The ALJ notes she gave significant weight to this report. AR 2014. Plaintiff argues that the contents of report established that Plaintiff was disabled. ECF No. 17 at 14. Dr. Genthe opined Plaintiff "is likely able to maintain attention and concentration for brief periods of time, but unlikely for extended periods of time." AR 1175. He also opined Plaintiff would benefit from vocational training. *Id*. Yet the ALJ did not mention these findings. *See* AR 2014. ALJs must explain why it has rejected significant, probative evidence. *Flores v. Shalala*, 49 F.3d 562, 570–71 (9th Cir. 1995). If the ALJ fails to address a sources statements that would compel disability, she harmfully errs. *Hill v. Astrue*, 698 F.3d 1153, 1160 (9th Cir. 2012).

Plaintiff first argues that Dr. Genthe's opinion that Plaintiff cannot maintain

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT – 11

attention and concentration for an extended period of time compels a finding of disability. ECF No. 17 at 14. The Program Operations Manual System (POMS) states that the "Mental Abilities Critical For Performing Unskilled Work" include "the ability to . . . maintain attention for extended periods of 2-hour segments (concentration is not critical)." POMS DI 25020.010(B)(3). "The POMS does not have the force of law, but it is persuasive authority." *Warre v. Comm'r of the Soc. Sec. Admin.*, 439 F.3d 1001, 1005 (9th Cir. 2006). And further, the ALJ's finding is not inconsistent with Dr. Genthe's report. "The substance of the POMS attention requirement for unskilled work is the ability to maintain attention for '2-hour segments,' not 'extended periods' and the POMS further notes that 'concentration is not critical' for such work." *Terrey v. Berryhill*, 696 Fed. App'x 831, 833–34 (9th Cir. 2017).

Next, Plaintiff argues that Dr. Genthe's recommendation for vocational training and short-term job skills coaching amount to a "sheltered work environment, which does not establish an ability to engage in full-time employment." ECF No. 17 at 14. But Plaintiff overstates the impact of Dr. Genthe's recommendation, even if it constituted a sheltered work environment. He does not opine that vocational training services and short-term job skills coaching were *necessary* for Plaintiff to be employable, only that they would "be beneficial" and "increase the chances that she will be able to maintain long-term employment." AR

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT – 12

1175. Taken together with the rest of the report, the Court agrees with the ALJ's interpretation of Dr. Genthe's assessment. *See Gayles v. Colvin*, No. 3:13-cv-01921-MC, 2015 U.S. Dist. LEXIS 11809, at * 8 (D. Or. Feb. 2, 2015) (reasoning the doctor "did not opine that plaintiff *required* a sheltered work environment, . . . [but she] would be a good candidate." (emphasis added)).

### b.    2018 Evaluation

On the other hand, the ALJ gave this report "little weight." AR 2014. In this report, Dr. Genthe opined that Plaintiff had "very significant" limitations maintaining attendance and completing a normal workday or week, among other findings. AR 2639–40. Because vocational experts testified employees cannot miss more than one day of work per month, this opinion, if given weight, would indicate that Plaintiff is disabled. *See* AR 2062–63.

But the ALJ supported her determination with substantial evidence. The ALJ stated several reasons for discounting the report, including (1) that it was unsupported by Plaintiff's other mental status exams, (2) that it was inconsistent with Dr. Genthe's 2016 report, (3) that it Dr. Genthe did not review prior records, and (4) that a Personality Assessment Inventory (PAI) revealed Plaintiff may not have answered in a completely forthright manner, thereby skewing the results. AR 2014. Taken together, the ALJ provided "specific and legitimate reasons" supported by substantial evidence.

The ALJ first found that Dr. Genthe's opinion was unsupported by other mental status exams and "minimal psychiatric observations" in the rest of the record. AR 2014. But Plaintiff argues the ALJ did not note any particular inconsistency. ECF No. 17 at 15–16. "The ALJ must do more than state conclusions. [She] must set forth [her] own interpretations and explain why they, rather than the doctors', are correct." *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). But the ALJ describes that providers and mental health professionals "routinely documented indications the claimant presented without significant psychiatric symptoms." AR 2010. The ALJ sufficiently supported her conclusion with substantial evidence. *See also* AR 2014.

Dr. Genthe did not review prior records for his 2018 report. AR 2636. Plaintiff's argument that he reviewed the records in 2016 and completed two separate evaluations of Plaintiff is well taken. *See* ECF No. 17 at 16. But more than two years elapsed between the 2016 report and the 2018 report. *Compare* AR 1177 *with* AR 2641. The ALJ's concern that Dr. Genthe did not reacquaint himself with Plaintiff's medical history, given the voluminous record and expansive time period, was legitimate.

Dr. Genthe's findings changed significantly between the 2016 and 2018 reports. Although his objective findings worsened between the two exams and his had assessed some disabling limitations in 2016, the ALJ reasonably found Dr.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT – 14

Genthe's opinion suspect. *See* AR 2014. The PAI constituted a specific and legitimate reason to reject Dr. Genthe's 2018 report. While Dr. Genthe *could* have interpreted the relevance of the validity testing in order to make his assessment of Plaintiff's limitations, the report does not indicate that he did so. *See* AR 2640. Given the significant change from the 2016 report, the ALJ's determination that Plaintiff's symptom magnification may have impacted the results is supported by substantial evidence.

The Court will "not reweigh the evidence [or] substitute [its] judgment for" the ALJ. *Winans v. Bowen*, 853 F.2d 643, 644–45 (9th Cir. 1987). The ALJ supported its analysis with substantial evidence, so the Court declines to disturb it.

2. **PA-C Murrell**

In 2018, Murrell opined that Plaintiff had severe limitations in all basic work activities due to fibromyalgia, up to severe limitations in all work activities due to bipolar depression and anxiety, and up to very significant limitations in most activities due to hip dysplasia. AR 2440. He opined that she could not even do sedentary work. AR 2441. The ALJ discounted the report because (1) she found Murrell only recommended "temporary disability"; (2) his report indicated Murrell was uncertain of Plaintiff's conditions and prognosis; and (3) his report did not match his exam. AR 2013.

An impairment must last for a continuous period of at least 12 months to

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT – 15

1  constitute a disability. 20 C.F.R. § 416.909. But while Murrell opined that her
2  impairments may resolve within six months to a year of treatment, he also noted an
3  onset date of 2010, which meets the duration requirement. *See* AR 2439.
4  Additionally, Murrell's report recommends, in the "Plan" section, "continued temp.
5  disability for future treatment and evaluation." AR 2441. The ALJ reasonably
6  concluded that Murrell only recommended temporary disability. AR 2013.

7      And the ALJ does not stop there. She also points to the "barest minimum of
8  findings" included in the report and physical examination records. AR 2013. What
9  little observations Murrell did note counter his recommendations. He described
10 Plaintiff as displaying no distress, having no neurological deficits, and that she
11 presented as "comfortable." *Id.* These findings contradicted the minimal and mild
12 physical examinations and objective findings. *See, e.g.*, AR 2457. The ALJ
13 supported her decision to give Murrell's report "little weight" with substantial
14 evidence. Any error from the ALJ's interpretation of Murrell's opinion of the
15 duration of Plaintiff's impairments was harmless.

16 //
17 //
18 //
19 //
20 //

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT – 16

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Summary Judgment, **ECF No. 17**, is **DENIED**.

2. Defendant's Motion for Summary Judgment, **ECF No. 19**, is **GRANTED**.

3. The Clerk's Office shall **ENTER JUDGMENT** for **DEFENDANT** and **CLOSE** the file.

**IT IS SO ORDERED.** The Clerk's Office shall enter this Order and provide copies to all counsel.

**DATED** this 13th day of April 2021.

_____
SALVADOR MENDOZA, JR.
United States District Judge